November 22, 2004

Ms. Lisa Ivie Miller                                    Opinion No. GA-0272
Commissioner
Office of Fire Fighters' Pension Commissioner          Re: Whether the Office of Fire Fighters' Pension
Post Office Box 12577                                  Commissioner may charge an administrative fee
Austin, Texas 78711                                    to participating departments in its retirement
                                                       system (RQ-0230-GA)

Dear Commissioner Miller:

You ask whether the Office of Fire Fighters' Pension Commissioner (the "Commissioner") may charge "participating departments an administrative fee for the payment of Texas Local Fire Fighters' Retirement Act . . . pensions administered by the TSESRA [Texas Statewide Emergency Services Retirement Act] Board of Trustees and the Commissioner."[1]

We understand your question to concern those participating departments whose members elected to merge their Texas Local Fire Fighters' Retirement Act (the "TLFFRA") volunteer fire fighters' pensions into the TSESRA system. *See* Request Letter, *supra* note 1, at 1. "'Participating department' means a public entity that performs fire, rescue, or emergency medical services and participates in the pension system under [article 6243e.3]." TEX. REV. CIV. STAT. ANN. art. 6243e.3, § 1(10) (Vernon 2003). In 1977, the Texas Legislature created the Volunteer Fire Fighters' Relief and Retirement Fund in order to provide a pension system for volunteer fire fighters. *See* Act of May 20, 1977, 65th Leg., R.S., ch. 269, 1977 Tex. Gen. Laws 710, 710 (Revised Civil Statutes, article 6243e.3). The short title was amended in 1997 to the Texas Statewide Emergency Services Retirement Act. *See* Act of May 22, 1997, 75th Leg., R.S., ch. 724, 1997 Tex. Gen. Laws 2381, 2382. Under the authority of the TSESRA, the Commissioner administers the Texas Statewide Emergency Services Personnel Retirement Fund (the "Fund"). *See* TEX. REV. CIV. STAT. ANN. art. 6243e.3, §§ 1A, 19 (Vernon 2003). The State Board of Trustees (the "Board") establishes and oversees policy for the administration of the Fund. *See id.* § 21.

You inform us that in November 2003 the Fund's actuary "reported that the TSESRA system is not actuarially sound." Request Letter, *supra* note 1, at 2. In order to "increase the amount of money available to amortize unfunded actuarial accrued liabilities," the Board would like "the

---

[1]Letter from Lisa Ivie Miller, Commissioner, Office of Fire Fighters' Pension Commissioner, to Honorable Greg Abbott, Texas Attorney General (May 20, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Commissioner to charge participating departments an administrative fee for the payment [of TLFFRA pensions]." *Id.* at 1-2. Section 301.9(c) of the Texas Administrative Code currently provides that governing entities "are not billed for administrative costs associated with the Fire Fighters Pension Commissioner payment of TLFFRA pensions." 34 TEX. ADMIN. CODE § 301.9(c) (2004). You state that, "the Board would like to amend 34 TAC 301.9(c) to allow for an assessment of administrative fees for the payment of TLFFRA pensions." Request Letter, *supra* note 1, at 2.

The TSESRA directs the duties of both the Board and the Commissioner. *See* TEX. REV. CIV. STAT. ANN. art. 6243e.3, §§ 19, 21 (Vernon 2003). Although the statute allows the Board to "establish rules necessary for the administration of the fund," *id.* § 21(b), the Board is limited to paying administrative expenses from "income earned by investment of the fund." *Id.* § 21(a). The Commissioner "may request and administer additional state funds in an emergency." *Id.* § 19(e). The Fund is a trust fund within the state treasury. *See id.* § 2(a). Article 6243e.3, section 2(d) provides for the actuarial soundness of the Fund:

> The state shall contribute the sum necessary to make the fund actuarially sound each year. The state's contribution may not exceed the amount of one-third of the total of all contributions by governing bodies in one year. If the state contributes one-third of the total contributions of the governing bodies in one year, the fund shall be presumed actuarially sound.

*Id.* § 2(d).

A state agency may exercise only those powers expressly conferred, together with those that may necessarily be implied from the powers expressly granted. *See Pub. Util. Comm'n v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). A state agency may not exercise what is effectively a new power on the theory that such an exercise is expedient for the agency's purposes. *See id.* Article 6243e.3 of the Revised Civil Statutes provides sources of funding. *See* TEX. REV. CIV. STAT. ANN. art. 6243e.3, §§ 2(d) (Vernon 2003) (requiring the state to contribute sums to make the Fund actuarially sound), 19(e) (providing for emergency funding from the state), 21(a) (limiting payment of administrative expenses to "income earned by investment of the fund"). It does not expressly authorize the Commissioner to assess administrative fees. Nor, in our opinion, may the authority to do so be inferred from any provision of article 6243e.3. As a result, we conclude that the Office of Fire Fighters' Pension Commissioner may not charge an administrative fee to participating departments in its retirement system.

## S U M M A R Y

The Office of Fire Fighters' Pension Commissioner may not charge an administrative fee to participating departments in its retirement system.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee